IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| DEL MONTE FRESH PRODUCE N.A., INC.<br>241 Sevilla Avenue<br>Coral Gables, FL 33134<br><br>and<br><br>PAN AMERICAN PRODUCE, LLC<br>506 Terrace Hill Drive<br>Tampa, FL 33617<br><br>　　　　Plaintiffs,<br><br>　　v.<br><br>CHAMPIONS PRODUCE, LLC<br>c/o Michael A. Petro, Statutory Agent<br>5710 Desert Oak Way<br>Spring, TX 77379<br><br>and<br><br>MICHAEL A. PETRO<br>5710 Desert Oak Way<br>Spring, TX 77379<br><br>and<br><br>CHRISTOPHER W. PETRO<br>22 Hollymead Drive<br>Spring, TX 77381<br><br>　　　　Defendants. | CIVIL CASE NO.: |

## **COMPLAINT**

Plaintiffs Del Monte Fresh Produce N.A., Inc. ("Del Monte") and Pan American Produce, LLC ("Pan American") (collectively, "Plaintiffs"), bring this civil action against Champions Produce, LLC ("Champions Produce"), Michael A. Petro, and Christopher W. Petro

1

(collectively, "Defendants"), for damages and equitable relief and allege as follows:

## I. JURISDICTION

1.     Federal question jurisdiction is vested in this Court pursuant to the Perishable Agricultural Commodities Act, specifically 7 U.S.C. §499e(b)(2) and §499e(c)(5)(i).  This Court is also vested with ancillary and/or pendent jurisdiction pursuant to 28 U.S.C. §1367(a) over Plaintiffs' related state-based claims.

## II. VENUE

2.     Venue is proper in this district pursuant to 28 U.S.C. §1391 in that the sales transactions which are the subject of this action occurred within this district and in that the Defendants are domiciled in this district.

## III. PARTIES

3.     Plaintiff Del Monte is a Florida corporation with its principal place of business in Coral Gables, Florida and is engaged in the business of selling wholesale quantities of fresh fruits and vegetables nationwide through interstate commerce.  At all times relevant herein, Del Monte held federal produce license number 19143736 from the U.S. Department of Agriculture/ PACA branch in good and active standing.

4.     Plaintiff Pan American is a Florida limited liability company with its principal place of business in Tampa, Florida and is engaged in the business of selling wholesale quantities of fresh fruits and vegetables nationwide through interstate commerce.  At all times relevant herein, Pan American held federal produce license number 20170332 from the U.S. Department of Agriculture/ PACA branch in good and active standing.

5.     Defendant Champions Produce is a Texas limited liability company with its principal place of business in Spring, Texas (Harris County).  Champions Produce was, at all times relevant herein, acting as a dealer and commission merchant of wholesale quantities of perishable agricultural commodities in Texas and as such is subject to the Perishable Agricultural Commodities Act of 1930, as amended, 7 U.S.C. §499a, *et seq*., ("PACA").  At all times relevant herein, Champions Produce held federal produce license number 20131179 from the U.S. Department of Agriculture/PACA Branch and/or was subject to licensing. The PACA license has since been terminated by the U.S.D.A. for non-payment to a Florida produce supplier.

6.     Individual Defendants Michael A. Petro and Christopher W. Petro ("Individual Defendants") are or were owners, officers, directors, and/or at least 10% shareholders of Champions Produce during the relevant time period, making them "responsibly connected" under PACA.  The Individual Defendants are or were persons in control of, and responsible for, the day to day operations of Champions Produce and the disposition of Champions Produce's assets, including its PACA trust assets.  The Individual Defendants are charged with a continuing statutory fiduciary duty to Plaintiffs to ensure full payment promptly as mandated by PACA.

7.     Prior to filing the instant lawsuit, Plaintiffs, through counsel, issued a demand letter to all Defendants and there was no response.

## IV. CLAIMS FOR RELIEF

## COUNT I

## DEFENDANT CHAMPIONS PRODUCE

**(Failure to Maintain PACA Trust)**

8.     Plaintiffs incorporate each and every allegation set forth in the preceding paragraphs as if fully written herein.

9. At Champions Produce's request, Plaintiffs sold, on credit and through interstate commerce, wholesale quantities of perishable agricultural commodities to Defendants, as set forth in the following table:

| Plaintiff | Dates of Transactions | Commodities | Total Amount Sold | Amount[1] Unpaid |
|---|---|---|---|---|
| Del Monte Fresh Produce N.A., Inc. | March 2018 | Fresh Fruits | $13,984.00 | $13,984.00 |
| Pan American Produce, LLC | November 2018 | Fresh Fruits | $12,817.00 | $12,817.00 |

10. Plaintiffs duly delivered the perishable agricultural commodities to Champions Produce.

11. Champions Produce received and accepted the perishable agricultural commodities from Plaintiffs.

12. Pursuant to the payment terms between the parties, Champions Produce is in default with respect to the principal amounts of $13,984.00 outstanding to Del Monte and $12,817.00 outstanding to Pan American.  *See,* Statement of Account and Unpaid Invoices from Del Monte and Pan American attached hereto and incorporated herein as Exhibits A and B, respectively.

13. Pursuant to the trust provisions of PACA, 7 U.S.C. §499e(c)(2), and the Code of Federal Regulations promulgated thereunder, upon receipt of said commodities, a statutory trust arose in favor of Plaintiffs as to all commodities received, all inventories of food or other products derived from said commodities, and the proceeds from the sale of such commodities until <u>full payment</u> is made for said commodities by Champions Produce to Plaintiffs.

14. Champions Produce has failed and refused to pay for the commodities it ordered, received, and accepted from Plaintiffs, despite due demand.

---

[1] Plus, accruing interest at 1.50% per month and attorney fees and costs.

15. On each of the outstanding invoices sent by the Plaintiffs to Champions Produce, Plaintiffs, as a PACA licensees, placed the exact language statutorily prescribed by PACA to be placed on all invoices by the licensee to notify the buyer that a seller/supplier of perishable agricultural commodities is preserving its rights as a beneficiary to the statutory trust [7 U.S.C. §499e(c)(4)], plus interest and attorney fees.

16. Plaintiffs are unpaid creditors, suppliers, and sellers of perishable agricultural commodities as those terms are defined under PACA.

17. Upon information or belief, Champions Produce has dissipated and is continuing to dissipate the *corpus* of the statutory trust which arose in favor of Plaintiffs and grew upon each delivery of perishable agricultural commodities.

18. The failure of Champions Produce to hold in trust for the benefit of Plaintiffs such perishable agricultural commodities received by it from Plaintiffs, and all inventories of food or other products derived from said commodities, and the proceeds from the sale of such commodities until full payment of the sums owing to Plaintiffs for said commodities, constitute violations of PACA and PACA Regulations and are unlawful, and, as a direct and proximate result Plaintiffs have suffered damages.

## COUNT II

## ALL DEFENDANTS

**(Dissipation of Trust Assets)**

19. Plaintiffs incorporate each and every allegation set forth in the preceding paragraphs as if fully rewritten herein.

20. Upon information and belief, proceeds obtained from the sale of the perishable agricultural commodities purchased on credit from Plaintiffs that were needed to make full

payment promptly to trust beneficiaries by PACA, were improperly expended by Champions Produce and the Individual Defendants for other purposes.

21. On each of the outstanding invoices sent by Plaintiffs to Champions Produce and the Individual Defendants, Plaintiffs, as PACA licensees, placed the exact language statutorily prescribed by PACA to be placed on all invoices by the licensees to notify the buyer(s) that the seller/supplier of perishable agricultural commodities is preserving its rights as a beneficiary to the statutory trust [7 U.S.C. §499e(c)(4)], plus interest and attorney fees.

22. Upon information and belief, Champions Produce and the Individual Defendants received funds subject to the trust arising under 7 U.S.C. §499e(c), which should have been used to pay the outstanding invoices of Plaintiff but were not.

23. As a direct result of the dissipation of trust assets by Champions Produce and the Individual Defendants, Plaintiffs has suffered damages.

## COUNT III

## DEFENDANT CHAMPIONS PRODUCE

**(Failure to Account and Pay for Produce – 7 U.S.C. §499b (Unfair Conduct))**

24. Plaintiffs incorporate each and every allegation set forth in the preceding paragraphs as if fully rewritten herein.

25. Champions Produce has failed and refused, without reasonable cause, to account and make full payment promptly of $13,984.00 to Del Monte and $12,817.00 to Pan American, which sums are unpaid and overdue to Plaintiffs for the perishable agricultural commodities ordered, received, and accepted from Plaintiffs.

26. The failure and refusal of Champions Produce to account and make said payments to Plaintiffs for the commodity sales transactions is a violation of PACA (7 U.S.C. §499b) and

PACA regulations, constitutes Unfair Conduct, is unlawful, and, as a direct result, Plaintiffs have suffered damages.

## COUNT IV

## ALL DEFENDANTS

### (Breach of Fiduciary Duty / Non-Dischargeability) (11 U.S.C. §523(a))

27. Plaintiffs incorporate each and every allegation set forth in the preceding paragraphs as if fully rewritten herein.

28. Upon information and belief, between March 2018 and November 2018, the Individual Defendants managed, controlled, and directed the credit purchase of perishable agricultural commodities from Plaintiffs.

29. Upon information and belief, Champions Produce and the Individual Defendants received, in the regular course of business, funds subject to the PACA statutory trust which should have been used for the payment of Plaintiffs' outstanding invoices but were not.

30. Upon information and belief, Champions Produce and the Individual Defendants, in breach of their fiduciary obligations arising under PACA, directed the disbursement of trust funds for purposes other than making full and prompt payment to Plaintiffs as required by PACA, 7 U.S.C. §499b(4), thereby heightening liability herein to the state of non-dischargeability pursuant to 11 U.S.C. §523(a).

31. As a direct result of the foregoing, Champions Produce and the Individual Defendants have violated their fiduciary duties as trustees in failing and refusing to make the payments required to satisfy the priority trust interests of Plaintiffs, and, as a direct result, Plaintiffs have suffered damages.

## COUNT V

## DEFENDANT CHAMPIONS PRODUCE

**(Breach of Contract for Unpaid Invoices / Action on Account)**

32. Plaintiffs incorporate each and every allegation set forth in the preceding paragraphs as if fully rewritten herein.

33. Between March 2018 and November 2018, Champions Produce contracted with Plaintiffs to purchase fresh produce on credit.

34. Plaintiffs faithfully performed all aspects of the contract, with Champions Produce receiving and accepting all the produce.

35. Plaintiffs properly and timely invoiced each sales transaction, and pursuant to the payment terms between the parties, Champions Produce is in default to Plaintiffs on all amounts unpaid and outstanding.

36. Champions Produce breached the contracts by failing and refusing to pay the principal sum of $13,984.00 to Del Monte and the principal sum of $12,817.00 to Pan American despite due demand. As a direct result of non-payment, Plaintiffs have suffered damages, including interest and attorney fees.

## COUNT VI

## ALL DEFENDANTS

**(Interest and Attorney Fees)**

37. Plaintiffs incorporate each and every allegation set forth in the preceding paragraphs as if fully rewritten herein.

38. Pursuant to PACA, 7 U.S.C. §499e(c), and the Regulations promulgated thereunder, Champions Produce and the Individual Defendants were statutorily required to maintain a trust in favor of Plaintiffs in order to make <u>full payment</u> to Plaintiffs of said amount.

39. As a result of the failure of Champions Produce and the Individual Defendants to maintain the trust and to make full payment promptly, Plaintiffs have been required to pay attorney fees and costs in order to bring this action to compel payment of the trust *res*.

40. As a result of the failure of Champions Produce and the Individual Defendants to comply with their statutorily mandated duties to maintain the trust and make full payment promptly, Plaintiffs have lost the use of said money.

41. Plaintiffs will not receive full payment as required by PACA, 7 U.S.C. §499e(c), if Plaintiffs must expend part of said payment on attorney fees, and litigation costs, and also suffer the loss of interest on the outstanding amount owed, all because of violations by Champions Produce and the Individual Defendants of their statutory duties to maintain the trust and make full payment promptly.

42. In addition to the above recitals, Plaintiff Del Monte maintains express claims for interest and attorney fees based upon the terms of sale listed on each invoice, as between merchants, which were bargained terms of the sales contract and are sums owing in connection with the produce transaction pursuant to 7 U.S.C. §499e(c)(2).

43. In addition to the above recitals, Plaintiffs also maintain claims and rights for attorney fees pursuant to Chapter 38 of the Texas Civil Practice and Remedies Code, with presentment of the claims having duly been made.

**WHEREFORE**, Plaintiffs Del Monte Fresh Produce N.A., Inc. and Pan American Produce, LLC respectfully pray that this Court issue an Order:

a. granting non-dischargeable judgment in favor of Del Monte Fresh Produce N.A., Inc. and against Defendants Champions Produce, LLC, Michael A. Petro and Christopher W. Petro, jointly and severally, in the principal amount of $13,984.00, together with pre- and post-judgment interest at the parties' contractual rate and the costs of this action;

b. granting non-dischargeable judgment in favor of Pan American Produce, LLC and against Defendants Champions Produce, LLC, Michael A. Petro, and Christopher W. Petro, jointly and severally, in the principal amount of $12,817.00, together with pre- and post-judgment interest at the parties' contractual rate and the costs of this action;

c. declaring and directing all Defendants to establish and/or preserve the PACA trust fund consisting of funds sufficient to pay Plaintiffs' principal trust claims of $13,984.00 and $12,817.00 plus pre- and post-judgment interest at the parties' contractual rate plus attorney fees and costs of this action;

d. enjoining until the entry of the relief herein requested and compliance therewith, all Defendants and their agents, employees, and representatives from in any way, directly or indirectly, interfering, assigning, or otherwise disposing of the above-described trust fund, or any interest therein, in whole or in part, absolutely or as security;

e.  declaring and directing all Defendants to assign, transfer, deliver, and turn over to Plaintiffs as much of the above-described trust fund as is necessary to fully compensate Plaintiffs for the damages it has suffered and continues to suffer; and

f.  granting Plaintiffs reasonable costs and expenses, including attorney fees in this action, and such other relief, whether in law or in equity, as this Court deems just and proper.

Dated: January 16, 2020                                     Respectfully submitted,


*s/ Mark A. Amendola*
MARK A. AMENDOLA
  OH Bar ID No.: 0042645
  Admitted to S.D. Texas
  S.D. Tx. Bar ID No.:34603
MARTYN AND ASSOCIATES
820 W. Superior Avenue, Tenth Floor
Cleveland, Ohio 44113
Telephone: (216) 861-4700
Facsimile: (216) 861-4703
Email: mamendola@martynlawfirm.com

Attorney for Plaintiffs: Del Monte Fresh Produce N.A., Inc. and Pan American Produce, LLC